UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anne Chu,<br><br>                    Plaintiff,<br><br>    v.<br><br>Smith's Food & Drug Centers, Inc., et al.,<br><br>                    Defendants. | Case No. 2:20-cv-00370-JAD-DJA<br><br>**Order** |

This is a personal injury action arising out of injuries Plaintiff alleges she sustained when falling at Defendant's store. (ECF No. 1). With discovery closed and trial pending, Plaintiff moves to substitute her rebuttal expert after discovering that the expert had pled guilty to criminal charges. (ECF No. 28). In response, Defendant moves to strike Plaintiff's rebuttal expert, arguing that the report was improper from the start. (ECF No. 30). Because neither party has been diligent in bringing their motions, the Court denies both of them. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

Plaintiff designated Dr. Gross as a rebuttal expert on February 5, 2021. (ECF No. 29-3). In her disclosure, she explained that "Dr. Gross is expected to rebut the opinions of Defendant's expert witness, Steven M. Sanders, M.D." *Id.* at 3. Plaintiff also designated Dr. Archie Perry as a rebuttal expert to address Dr. Sanders. *Id.* at 4.

In her motion to substitute Dr. Gross, Plaintiff explains that, on April 21, 2021 her counsel learned that Dr. Gross had plead guilty to criminal charges. (ECF No. 28, at 2). She adds that her counsel learned of Dr. Gross's conviction and prison sentence on May 24, 2021. *See id.* Plaintiff argues that, because of Dr. Gross's sudden unavailability and the prejudice that would result if a convicted felon testified in her case, she should be allowed to either: (1) substitute Dr. Gross with

a new neurosurgical expert; or (2) allow Dr. Perry to adopt Dr. Gross' report. *Id.* at 3.  Plaintiff proposes that substituting Dr. Gross is permissible under Rule 16(b)(4)[1] if the court construes the motion as one to amend the court's scheduling order—for which the Plaintiff must demonstrate good faith. *Id.* at 5-6.  Alternatively, Plaintiff proposes that the substitution is permissible under Rule 26(a)(2) and Rule 37(c)(1) if the court construes the motion as an untimely designation—for which Plaintiff must demonstrate the designation was substantially justified or harmless. *Id.*

Defendant responds by arguing that Plaintiff should not be allowed to either substitute Dr. Gross or to allow Dr. Perry to adopt his expert report because Dr. Gross' report was improper to begin with.  (ECF No. 29 at 2-3).  Defendant adds that Plaintiff knew Dr. Gross had been indicted in 2018, before hiring him as an expert.  *See id.* at 5-6.  Defendant argues that allowing Plaintiff to substitute Dr. Gross would be prejudicial because Defendant would "have to wait with bated breath to see who Plaintiff would designate and what this new expert's opinions would be." *Id.*  Allowing Dr. Perry to adopt Dr. Gross' opinions, Defendant argues, would be prejudicial because Dr. Perry could expand his opinions beyond his treatment of Plaintiff. *See id.*  Defendant ends by arguing that Plaintiff would not be prejudiced if Dr. Gross' opinion was excluded without a substitution because Plaintiff has two other experts: Dr. David Oliveri (her initial expert) and Dr. Perry. *See id.* at 6.

Defendant also filed a motion to strike, in which Defendant explains that Dr. Gross' opinion is not a rebuttal because it contains a medical records review, discusses video surveillance of the fall, and discusses potential future medical treatment, all of which was not mentioned by Dr. Sanders.  (ECF No. 30 at 2-3).  Rather, the report only mentions Dr. Sanders at the end where Dr. Gross has included Dr. Sanders' opinion interspersed with brackets of Dr. Gross' opinions like "[sic – lacks foundation; relevance?]." *Id.*  Defendant argues that Dr. Gross' commentary does not constitute "expert opinions and will not be helpful to the jury." *Id.* at 4.

---

[1] Plaintiff erroneously cites to the Nevada Rules of Civil Procedure, rather than the Federal Rules. However, because the Nevada Rules are modeled after the Federal Rules, the Rule numbers are the same.

Plaintiff replies to Defendant's response and responds to Defendant's motion to strike in the same filing.  (ECF No. 31).  In support of her motion to substitute, she admits that her counsel was aware of Dr. Gross' criminal charges, but that Dr. Gross told counsel "not to worry" about them and "certainly did not inform them in advance that he would be pleading guilty three years after the original charge." *Id.* at 5.  She then argues that substituting a new expert would be harmless because, the "substitute expert's testimony will be rooted in Dr. Gross' original opinions, and that expert may be deposed and cross-examined at trial…" *Id.*  She argues that she would suffer prejudice if she cannot substitute Dr. Gross because Dr. Gross' opinions "are an important part of [her] trial strategy and are necessary to demonstrate the causation of [her] injuries and the cost of her future medical care." *Id.* at 6.  In response to Defendant's motion to strike, she argues that Dr. Gross was permitted to report on future medical care, surveillance video, and medical records that Dr. Sanders did not because the evidence "is offered to directly contradict or rebut the opposing party's expert." *Id.* at 2.  To the extent that the Court finds that Dr. Gross' report was improperly submitted as a rebuttal—rather than an initial—report, she argues that it was substantially justified or harmless.  *See id.* at 3-5.

Defendant replies to Plaintiff's response to its motion to strike by adding that Plaintiff should have originally designated Dr. Gross as an initial expert but failed to.  (ECF No. 32 at 3).  Defendant explains again that Dr. Gross' report does not contradict or rebut Dr. Sanders' opinions, but improperly advances new opinions.  *Id.* at 4.  Defendant argues that striking Dr. Gross' report is the only possible sanction because he is unavailable to testify at deposition or trial.  *Id.*

Discovery in this matter closed on August 2, 2021 after the parties stipulated to an extension on June 2, 2021.  (ECF No. 27).  In that stipulation, the parties explain that they "intend to take the deposition of experts…" *Id.* at 2.  The parties leave out any mention of Dr. Gross.

**II.     Discussion.**

    ***A.     The Court denies Defendant's motion to strike.***

Rebuttal expert testimony is restricted to subjects which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P.

26(a)(2)(D)(ii). "Rebuttal expert reports necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports. If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Calvert v. Ellis*, No. 2:13-cv-00464-APG-NJK, 2014 WL 389949, at *2 (D. Nev. Aug. 8, 2014) (quoting *R & O Constr. Co. v. Rox Pro Int'l Group, Ltd.*, No. 2:09-cv-1749-LRH-LRL, 2011 U.S. Dist. LEXIS 78032, at *5 (D. Nev. July 18, 2011) (internal quotations omitted)).

Expert testimony submitted as a rebuttal, but that is not truly rebuttal in nature and was not disclosed as required by Rule 26, is inadmissible under Rule 37(c)(1) unless the failure to disclose under Rule 26 was substantially justified or harmless. *See Downs v. River City Grp. LLC*, No. 3:11-cv-00885-LRH-WGC, 2014 WL 814303, at *3 (D. Nev. Feb. 28, 2014); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). The party facing exclusion bears the burden of proving that failure to comply with Rule 26 was harmless or substantially justified. *Yeti*, 259 F.3d at 1107. Courts in this district consider four factors to guide decisions on substantial justification or harmlessness: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See Amos v. Makita U.S.A., Inc.*, No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *3 (D. Nev. Jan. 6, 2011).

Here, the Court finds that although Plaintiff improperly characterized most of Dr. Gross' report as a rebuttal, that characterization is harmless. A substantial portion of Dr. Gross' report is not a rebuttal because it does not contradict or rebut Dr. Sanders' report. Rather, it appears to summarize the evidence in the case, apparently to contradict an expected and anticipated portion of Defendant's case-in-chief: that Plaintiff's injuries were not caused by Defendant or her fall at Defendant's store. While Dr. Gross notes in his report that Dr. Sanders reviewed some of the same evidence as him, most of Dr. Gross' report does not actually address Dr. Sanders' findings.

In the portions where Dr. Gross does address Dr. Sanders' report, he does not offer actual medical opinions, but rather objections that are more appropriate for an attorney.

Nonetheless, Plaintiff has carried her burden of showing that her failure to disclose Dr. Gross as an initial expert was harmless under the four factor test courts in this district employ. First, Plaintiff argues that Defendant was not surprised or prejudiced by Dr. Gross' report because she disclosed his report well before the discovery cut-off and Defendant had ample time to object or depose him. The Court agrees. Defendant has waited until Plaintiff sought to substitute Dr. Gross—after discovery has closed and with trial pending—to raise its objection to his report. Although Defendant argues that *Plaintiff* was not surprised by Dr. Gross' plea, this factor considers *Defendant's* surprise. Defendant had Dr. Gross' report since February of 2021 and cannot reasonably argue surprise. This factor weighs in favor of harmlessness.

Second, Plaintiff argues that, even if Defendant is prejudiced, there is "ample time" to cure the prejudice. While the Court disagrees that Defendant has ample time to cure the prejudice now, after discovery has closed, Defendant's inability to cure the prejudice is self-created. Defendant could have avoided this situation had it objected to Dr. Gross' report before the close of discovery. Instead, it did not lodge an objection until after discovery had closed. This factor weighs in favor of harmlessness.

Third, Plaintiff claims that "designating Dr. Gross as a rebuttal expert will not disrupt trial" and that any disruption is "due to the need to substitute Dr. Gross with a new expert." (ECF No. 31 at 5). The Court agrees. Finding that Plaintiff's erroneous designation of Dr. Gross was harmless will not, by itself, disrupt trial. While Defendant argues that Plaintiff's request to substitute Dr. Gross will result in disrupting trial if granted, Defendant ignores that it waited until after discovery had closed to raise any opposition to Dr. Gross' report in the first place. This factor weighs in favor of harmlessness.

Fourth, Plaintiff claims that she has "acted in consistent good faith regarding expert disclosures." While she does not explain how this statement squares with her designation of Dr. Gross as a rebuttal, rather than an initial expert, Defendant has not argued that Plaintiff acted in bad faith. Rather, Defendant only argues that Plaintiff would not be prejudiced if she could not

rely on Dr. Gross' opinions because Plaintiff has two other medical experts. Although neither side has adequately addressed this factor, Plaintiff's assertion that she acted in good faith, although conclusory, weighs against harmlessness. The Court thus denies Defendant's motion to strike.

### B. The Court denies Plaintiff's motion to substitute.

"In determining whether to allow a substitute expert, courts have frequently relied on Federal Rule of Civil Procedure 16(b), and treated the request for a substitute expert as a *de facto* attempt to alter the scheduling order and enlarge the discovery period." *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp*, No. 2:13-cv-01907-APG-NJK, 2015 WL 1546717, at *1 (D. Nev. Apr. 6, 2015) (quoting *Lincoln Nat'l Life Ins. Co. v Transamerica Fin. Life Ins. Co.*, Nos. 1:04-cv-396, 1:06-cv-317, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010) (collecting cases)). Courts in this circuit have similarly applied that standard to motions to substitute experts. *See id.* Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Although the existence of prejudice to the party opposing modification may also be considered, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

Here, the Court denies Plaintiff's motion to substitute Dr. Gross with another expert because Plaintiff was not diligent in seeking the substitution. First, Plaintiff's counsel was aware of the charges Dr. Gross faced from the beginning but hired him as an expert anyway. Despite discovering that Dr. Gross plead guilty to the charges on April 21, 2021, Plaintiff did not include this fact—or any reference to Dr. Gross at all—in the June 3, 2021 stipulation to extend discovery deadlines. It is also unclear whether Plaintiff met and conferred with Defendant about Dr. Gross' plea before that stipulation or even before the motion to substitute. Additionally, any prejudice Plaintiff suffers by not being able to rely on Dr. Gross' opinion is minimized because Dr. Perry also rebutted Dr. Sanders' opinions. The Court denies Plaintiff's motion to substitute Dr. Gross or use Dr. Perry to present his opinions.

1    **IT IS THEREFORE ORDERED** that Defendant's motion to strike (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to substitute (ECF No. 28) is **denied**.

DATED: October 8, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE